## ANNA JOHNSON

### *v.*

## THE BALTIMORE AND NEW YORK RAILWAY COMPANY.

1. It is not necessary, where land is taken under the General Railroad law, that actual payment of compensation to the land-owner should in all cases precede appropriation. After the amount to be paid as just compensation has been finally fixed, either by the award of commissioners or the verdict of a jury, a tender to the land-owner, and a refusal by him to accept, will be regarded as equivalent to payment.

2. A railroad company may, under the General Railroad law, acquire a right to take possession of the land condemned for its use on tender of the amount awarded by commissioners, provided the tender be made before the land-owner appeals; but where no tender is made until after the land-owner appeals, there no right to take possession can be acquired until a tender be made of the amount found by a jury.

3. Until what is just compensation has been ascertained in the manner directed by law, and the condemnation money paid, either actually or constructively, it is not within the power of the legislature to dispossess the land-owner and put another person in possession of his land.

4. Where a statute, authorizing the condemnation of land, provides, as part of the method of ascertaining what is just compensation to the land-owner, that he may appeal, and have a trial by jury, his right to a trial by jury constitutes a material part of the method of ascertaining what is just compensation to him, to which he has a right to resort before yielding the possession of his land, if he desires to do so, and acts with reasonable promptness.

---

On application for injunction, heard on bill and affidavit, and answer and affidavits.

*Mr. Frank Bergen,* for the complainant.

*Mr. A. Q. Keasbey,* for the defendant.

VAN FLEET, V. C.

The facts which it will be necessary to consider in deciding this application are few in number, and may be sufficiently stated for present purposes as follows : The defendant is a rail-

road corporation, organized under the General Railroad law of this State. It has procured certain lands belonging to the complainant, and constituting part of a farm owned by her, situate in the county of Union, to be condemned for the use of the railroad which it is constructing. The commissioners appointed to estimate the value of the complainant's land and assess her damages made their report on the 18th day of March, 1889, awarding her nearly $2,000, and within two days thereafter the complainant appealed from the award. The complainant's farm is subject to mortgages, amounting in the aggregate to $5,600. The complainant refused to consent to the payment of the award to the mortgagee, and the mortgagee refused to consent to its payment to the complainant, and the defendant then asked leave, under the statute of 1877, to pay the award into this court, and such leave being given, the defendant, on the 3d day of April, 1889, paid the money into court, and gave notice of that fact to both the complainant and the mortgagee, and thereupon took possession, against the protest of the complainant, of the lands condemned, and commenced the construction of its railroad thereon. The complainant insists that the defendant's appropriation of her lands, under the circumstances stated, constitutes a violation of her constitutional rights, and she therefore asks an injunction restraining the defendant from making any use of her lands until just compensation shall have first been made to her therefor.

The constitution, in declaring what powers the legislature shall not exercise, says, among other things, that "individuals or private corporations shall not be authorized to take private property for public use, without just compensation first made to the owners." No compensation had been made to the complainant, by actual payment, when the defendant appropriated her lands. It is not, however, necessary that the money, which the tribunal appointed by law to determine what shall be just compensation in the particular case, shall actually pass into the hands of the land-owner before his land is appropriated. After the amount to be paid as compensation has been finally fixed, a tender to the land-owner, and a refusal by him to accept, is

regarded as equivalent to payment, or as the equivalent of the actual making of compensation. *Doughty* v. *Somerville and Easton R. R. Co., 1 Zab. 442; Mercer and Somerset R. R. Co.* v. *Delaware and Bound Brook R. R. Co., 11 C. E. Gr. 464; Redman* v. *Philadelphia, M. & M. R. R. Co., 6 Stew. Eq. 165.* It is also provided by statute that where lands, subject to lien, are taken by the exercise of the power of eminent domain, the chancellor may order the money awarded to the owner to be paid into the court of chancery, to the end that that court may direct its distribution, and that the payment of the money into court, and the giving of written notice to the owner that the money has been paid into court, shall have the same effect as if the money had been tendered to him. *Rev. p. 1278.* The order authorized by this statute has been made, the money has been paid into court, and the notice, which the statute directs shall be given, has been given. The validity of this statute, as a constitutional exercise of legislative power, is not assailed or questioned, so it would seem to be clear, that the court, in considering the question, whether an injunction shall be granted or not, must look at the case exactly as it would if the fact was, that an actual tender had been made, on the 3d of April, 1889, of the sum awarded by the commissioners, and the complainant had refused to receive it.

This brings us to the decisive question of the case, namely, can a railroad company, organized under the General Railroad law, lawfully take possession of the land condemned for its use, on tender of the sum awarded by commissioners, in a case where the land-owner appealed from the award before the tender was made? In other words, can a land-owner, in view of the provision of the constitution on this subject, be compelled to yield the possession of such part of his land as a railroad company may require for the construction of its road, while the question what sum of money will constitute just compensation to him for his land is in course of judicial determination? The constitution does not declare by what method what will be just compensation to the land-owner shall be ascertained. It leaves the legislature free to adopt any method which to it may seem just

Johnson *v.* Baltimore & New York Railway Co.

and adequate to that end, and it may be that it would be competent for the legislature to declare that an award made by commissioners should, without the intervention of a jury, be final and conclusive upon that question. That, however, is not the method prescribed by the General Railroad law. That law declares, in the first place, that where the railroad company and the land-owner cannot agree, commissioners shall be appointed to appraise the value of the land and assess the damages, and that after they have made an award, and their report has been filed, the company shall, on payment or tender of payment of the amount awarded, as is in a subsequent part of the act provided, be empowered to enter upon and take possession of the land condemned. The act then gives both the land-owner and the railroad company a right of appeal with a right to a trial by jury, and directs how an appeal shall be taken, and where and by whom the appeal shall be tried. It then provides that an appeal by the land-owner shall not prevent the railroad company from taking the land on filing the report of the commissioners, but immediately adds:

"*Provided,* That in no case whatever shall said company * * * enter upon or take possession of any land of any person or persons for the purpose of actually constructing said railroad, * * * until they have paid to the party entitled to receive the same the amount assessed by the commissioners as the value of such lands *or* damages, in case the report of the commissioners is not appealed from, or if the same is appealed from, then the amount which shall be found by the jury by whom the issue shall be tried; but in case the party entitled to receive the amount assessed by the commissioners, in case there shall be no appeal, and in case of appeal, the amount found by the jury, shall refuse, upon tender thereof being made, to receive the same, or shall be out of the state, or under any legal disability, then the payment of the amount assessed or found as aforesaid into the circuit court of the county wherein the said lands lie, shall be deemed a valid and legal payment." *Rev. p. 929 § 101.*

Now, although it must be admitted that the purpose of this enactment is not expressed in language so perfectly lucid that there cannot be two opinions about what it means, yet I must say I do not think that its meaning is involved in much doubt. As I understand it, it declares, in the first place, that in no case shall a railroad company have a right to take possession of land

condemned for its use until it has first paid for the land. So far the act simply gives expression to the constitutional principle, that payment must in all cases precede appropriation. In the second place, the act, in prescribing the amount which the railroad company shall pay, as just compensation, to get a right to take possession, says that if no appeal has been taken it must pay the amount awarded by the commissioners, but if an appeal has been taken, then it can only acquire a right to take possession by paying the amount which the jury shall have found. Thus far the statute has merely declared what shall be the right of the railroad company, in respect to the possession of land condemned for its use, in a case where it is possible for the corporation to make actual payment to the land-owner.

But it was necessary to go further and make provision for cases where no actual payment could be made; as for example, where the person entitled to the money was incompetent or unwilling to receive it, and where, unless provision was made for a constructive or substituted payment, the railroad would be unable, while the incompetency or unwillingness continued, to get possession of the land. The act makes such provision in these words :

"But in case the party entitled to receive the amount assessed by the commissioners, in case there shall be no appeal, and in case of appeal, the amount found by the jury, shall refuse, upon tender thereof being made, to receive the same, or shall be out of the state, or under any legal disability, then the payment of the amount assessed or found as aforesaid into the circuit court of the county wherein the said lands lie, shall be deemed a valid and legal payment."

The purpose of this clause, as I understand it, is to make provision that a constructive payment may be made, where by the preceding clause an actual payment is required, but cannot be made. That is to say, a railroad company may, under this clause, acquire a right to take possession of the land condemned in cases where tender of the amount awarded by commissioners is made, and the money paid into court, before the land-owner appeals, but where no tender is made until after the land-owner has taken his appeal, there no right to take possession of the

Johnson v. Baltimore & New York Railway Co.

land condemned can be acquired until a tender be made of the amount found by a jury. This, as it seems to me, is the obvious meaning of this clause, and this construction conforms to what, in my judgment, must be regarded as sound principle. Where the legislature provides as part of the method of ascertaining what is just compensation, that the land-owner may appeal from the award of the commissioners, and have a trial by jury, it would seem to be entirely clear, that it cannot be said, after an appeal has been taken, that what is just compensation, in that particular case, has been ascertained in the manner appointed by law, for in such a case a right to a trial by jury constitutes a very material part of the method appointed by law for the ascertainment of what is just compensation. And until what is just compensation has been ascertained in the manner authorized by law, and the condemnation money paid, either actually or constructively, it is not within the power of the legislature to dispossess the land-owner and put another person in possession of his land. It is quite plain, I think, that the legislature intended that an appeal by the land-owner should operate as *supersedeas* upon the award of the commissioners, and to deprive it of all effect as a determination of what is just compensation, and to leave the parties, with respect to their rights in the land in question, after an appeal, just where they were before the award was made. This is the construction which somewhat similar provisions, found in special charters, have received. *Browning* v. *Camden and Woodbury R. R. Co., 3 Gr. Ch. 47; Mettler* v. *Easton and Amboy R. R. Co., 10 C. E. Gr. 214; S. C., 8 Vr. 222.*

The section of the General Railroad law under consideration contains an additional provision. It declares that the party entitled to receive the amount assessed by the commissioners may receive the same without thereby being barred of his appeal, and then adds :

"And on such tender *or* payment of the money into court, in case it be refused as aforesaid, or in case the said company, incorporated under this act, shall appeal from the finding of said commissioners, then the said company, upon payment of the amount so assessed or found as aforesaid into said circuit court, shall be empowered to enter upon and take possession of the said lands and proceed with the work of constructing its road."

This sentence, it will be seen, is so imperfectly constructed that it is not easy to see just what it means. That part of it which was intended to give a railroad corporation, when it appealed, the right to take possession of the land condemned by simply paying the condemnation money into court, without paying or tendering the money to the land-owner, has been held to be un-constitutional. *Redman* v. *Philadelphia, M. & M. R. R. Co., 6 Stew. Eq. 165.* Now, if we strike out the words which have been held to be without legal force, this sentence will read as follows: "And on such tender or payment of the money into court, in case it be refused as aforesaid, the said company shall be empowered to enter upon and take possession of the land." The tender and payment here referred to are obviously those spoken of in the clause immediately preceding, and what this clause was intended to declare; as I think, is this: that in cases where the commissioners have made an award, from which the land-owner has not appealed, the railroad company may, after making tender of the condemnation money, in case it is refused, pay the money into court, and then take possession of the land; or, if an appeal has been taken, the railroad company may then acquire a right to take possession of the land by tendering the amount found by the jury, and if it is refused, pay the money into court. Construed in this way, the law under consideration is made consistent with itself and freed from all doubt as to its constitutionality.

No tender, actual or constructive, was made in this case until after the complainant had appealed from the award made by the commissioners, so that when the tender was made, the question as to what will constitute just compensation to the complainant was unsettled, and in due course of judicial determination in the manner directed by the law under which complainant's lands were being taken. The defendant's act, in taking possession, was consequently without warrant of law, and in violation of the complainant's constitutional rights, and she is, therefore, entitled to an injunction restraining the defendant from constructing a railroad on her lands.